# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHANA L. WATERDOWN, )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-15-424-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

## OPINION AND ORDER

Plaintiff Shana L. Waterdown (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 30, 1975 and was 38 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a certified nurse's aide and waitress. Claimant alleges an inability to work beginning September 2, 2010 due to limitations resulting from back pain, bipolar disorder, and depression.

**Procedural History**

On September 19, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. On April 1, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Edmund C. Werre in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on May 13, 2014. The Appeals Council denied review of the ALJ's decision on September 3, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to find Claimant meets or equals a listing; (2) failing to properly evaluate the medical source evidence; and (3) failed to perform a proper credibility determination.

**Consideration of the Listing**

4

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease with left lower extremity radiculopathy, status post left wrist operation, bipolar disorder with psychological features, and mood disorder. (Tr. 20). The ALJ determined Claimant retained the RFC to perform light work. (Tr. 23). In so doing, he found Claimant was limited to lifting/carrying 20 pounds occasionally and 10 pounds frequently; sitting for six hours and standing or walking for six hours in an eight hour workday; no climbing ladders, ropes, or scaffolds, and no more than occasional stooping, kneeling, crouching, crawling, or twisting. The ALJ determined Claimant was able to understand, remember, and carry out simple instructions consistent with unskilled work that was repetitive and routine in nature and not fast paced as an assembler-type position and able to relate and interact with co-workers and supervisors on a work-related basis only with no or minimal interaction with the general public. The ALJ found Claimant's medications would not preclude her from remaining reasonably alert to perform required functions presented in a work setting. (Tr. 23).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of mail room clerk, laundry sorter, clerical mailer, and stuffer, all of which the ALJ determined existed in sufficient numbers in both the

5

regional and national economies. (Tr. 27). As a result, the ALJ determined Claimant was not under a disability from September 2, 2010 through the date of the decision. Id.

Claimant contends the ALJ should have determined that she met or equaled Listing 1.04 regarding disorders of the spine. At step three, Claimant bears the burden of demonstrating that her condition meets or equals all of the specified criteria of the particular listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Claimant specifically asserts she meets the requirements for Listing 1.04, which provides in pertinent part:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebra fracture), resulting in compromise of a nerve root (including cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)
>
> * * *

The ALJ found Claimant failed to meet Listing 1.04 because (1) an MRI of Claimant's lumbar spine revealed she needed surgery for a left posterior 4 mm protrusion at L5-S1 disc with an annular fissure abutting the left S1 nerve root and left posterior L4-L5

disc bulge but could not have surgery because her worker's compensation case was concluded; (2) Dr. Thomas Craven limited Claimant to lifting/carrying less than ten pounds and alternating between sitting and standing; (3) a physician at Tulsa Bone & Joint limited Claimant to lifting ten pounds, repetitive lifting of five pounds, push-pull ten pounds and no excessive bending or twisting; and (4) Dr. Richard Thomas found Claimant had a stable exam standing with normal station and ambulating with a normal gait and recommending lifting no more then 25 pounds and push-pull to 25 pounds. Based on this recitation, the ALJ found Claimant could not meet Listing 1.04. (Tr. 21).

In her briefing, Claimant indicates she had nerve root compression, characterized by neuro-anatomic distribution of pain (Tr. 362-63, 394), limitation of motion (Tr. 89, 02, 133, 364-65, 368, 376, 390, 395, 430, 431), motor loss (Tr. 390, 395, 434), reflex loss (Tr. 395), and positive straight leg raising, both in the sitting and supine positions (Tr. 368).

Defendant contends since her injury occurred in September of 2010 and Dr. Thomas released her in August of 2011, she cannot demonstrate that her condition existed or was expected to exist for a period of 12 months. 20 C.F.R. § 404.1509. The evidence indicates that Claimant's condition required surgery and the

7

surgery was never performed. Dr. Thomas' findings were relevant to a worker's compensation claim and Claimant's stated interest in being released and apparently did not involve a review of an MRI or other testing which would have indicated the status of Claimant's spinal condition. However, the fact remains that he released her under a finding of maximum medical improvement with a higher lifting restriction and after a stable examination with no neurogenic findings. The burden lies with Claimant to demonstrate the duration of the condition and she failed in that burden.

### Evaluation of the Opinion Evidence

Claimant argues the ALJ should have weighed the opinion of his treating physician, Dr. Thomas Craven. Dr. Craven, again in association with Claimant's worker's compensation case, found she should not lift/carry over ten pounds with an option to alternate between sitting and standing. (Tr. 378). The form indicates the restrictions were temporary in nature and that Claimant could return to work on February 15, 2011. Dr. Craven also referred Claimant for surgery. <u>Id</u>. The ALJ referenced the opinion under the listing discussion but did not weigh it in formulating the RFC. (Tr. 21, 23).

Defendant contends the ALJ implicitly rejected the opinion when he also cited to Dr. Thomas' contradictory findings of a

8

lifting restriction of 25 pounds. The problem with this analysis is that the sit/stand option is not accounted for in Dr. Thomas' opinion and the ALJ's decision is devoid of the reasoning necessary to reject the findings of a treating physician. On remand, the ALJ shall weigh and evaluate the opinion of the treating physician, setting forth the specific bases for its consideration and the ultimate weight he provides to the opinion. <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003).

Claimant also challenges the ALJ's failure to consider an RFC report by a physician whose signature is illegible. The report indicates Claimant would have numerous problems in the workplace due to her mental condition. (Tr. 257-58). The ALJ did not address this opinion. It was error not to reference and consider this opinion. On remand, the ALJ shall attempt to ascertain the source of the statement and weigh and consider its findings, to the extent they are verifiable.

Claimant also contends the vocational expert identified jobs which required production rate pace after the ALJ found Claimant should be restricted to jobs not requiring quotas. *Dictionary of Occupational Titles ("DOT"), #209.687-026, 361.687-014.* She also contends the vocational expert identified the job of mail clerk which required a reasoning level of 3. *DOT #209.687-026.* The ALJ

9

should evaluate this testimony after determining whether further restrictions in the RFC for a sit/stand option should have been included in the hypothetical questioning.

**Credibility Determination**

Claimant's testimony regarding her level of pain was questioned by the ALJ, citing the fact that the type of treatment she received was not consistent with the treatment one would receive who suffered from the pain she described. (Tr. 25). The fact remains that surgery was the recommended treatment for Claimant's condition but did not go through with the surgery because she was afraid she would not be able to take care of her son. Id. This stated basis for rejecting Claimant's credibility is suspect.

Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). Given the fact this case is being remanded on other grounds, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective

symptoms".

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 31st day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE