# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHANA L. WATERDOWN,            )
                               )
        Plaintiff,        )
                               )
v.                             ) Case No. CIV-15-424-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.        )

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #22). By Order and Opinion entered March 31, 2017, this Court reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Plaintiff seeks attorney's fees for 36.50 hours of time expended by her attorney at the stipulated fee rate for a total request of $7,044.50 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified. Because Plaintiff was required to file a reply to respond to the Commissioner's objection, she filed a Supplemental Application for Attorney Fees to include $1,813.50 to research and prepare the reply brief. The Commissioner did not respond to the Supplemental Application.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that, although the ALJ's decision failed to include the weight accorded Dr. Craven's opinion as a treating physician, it was apparent from the consideration of another physician's opinion, Dr. Thomas, which contradicted the treating physician that the opinion was rejected. The consideration of a treating physician's opinion and the weight it is given should not have to be gleaned from the

discussion in the decision.  This Court specifically found the Dr. Craven's restriction to a sit/stand option was not addressed by Dr. Thomas or the ALJ in his decision.  Moreover, another physician's opinion, albeit with an illegible signature, was not addressed by the ALJ at all.  Neither of these bases for reversal and remand represented a position by Defendant which could be characterized as "substantially justified."

Since the Commissioner did not object to the reasonableness of the supplemental fee request, the additional fees for the preparation of Plaintiff's reply will be awarded.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #22) and Plaintiff's Supplemental Application for Attorney Fees (Docket Entry #28) are hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $8,858.00.

In accordance the ruling of the Tenth Circuit Court of Appeals, the award with shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. <u>Manning v. Astrue</u>, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b).  In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 13th day of December, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE